IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PSG-MID CITIES MEDICAL CENTER, LLC D/B/A SAINT CAMILLUS MEDICAL CENTER, § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 3:20-CV-02477-E | |
| RICK JARRELL, MHBT, INC., MARSH & MCCLENNAN AGENCY, LLC, and CONTINENTAL CASYALTY COMPANY, § § § § § | | |
| Defendants. § | | |

# MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand filed by plaintiff PSG-Mid Cities Medical Center, LLC d/b/a Saint Camillus Medical Center (Saint Camillus) (Doc. 9). Having carefully considered the motion, the parties' briefing, and applicable law, the Court finds there is no reasonable basis for the Court to predict that Saint Camillus may be able to recover against non-diverse defendants Rick Jarrell,[1] MHBT, Inc. (MHBT), and Marsh & McClennan Agency, LLC (Marsh) (collectively, brokers), and, thus, the brokers were improperly joined. Accordingly, the Court disregards their citizenship, resulting in complete diversity between Saint Camillus and defendant Continental Casualty Company (Continental), and must **DENY** the motion to remand.

---

[1] A recently-filed Suggestion of Death indicates Jarrell has passed away (Doc. 13). To determine if jurisdiction is present for removal, however, the Court "consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**BACKGROUND**

The following is taken from Saint Camillus's First Amended Original Petition (petition) (Doc. 1-8).

Saint Camillus is a private hospital in Hurst, Texas; all of the surgical procedures performed at Saint Camillus are elective. Saint Camillus obtained a commercial property insurance policy issued by Continental through MHBT, an insurance-brokerage firm that is a Marsh company. Jarrell, MHBT's senior vice president, was Saint Camillus's direct contact.

Beginning in March 2020, in accordance with government orders instituted to limit the spread of the SARS-CoV-2 virus (COVID 19), Saint Camillus was unable to schedule elective surgical procedures. On April 14, 2020, Saint Camillus emailed MHBT to report an insurance claim for the pandemic-related business interruption. Jarrell responded, also by email, "Unfortunately, your insurance policy, like 99.9% of policies, excludes coverage for a business interruption by a virus that causes infection or disease. This exclusion has been standard on policies for approximately 15 years (going back to the SARS outbreak)." According to Saint Camillus, the email contained a material misrepresentation because (1) the Continental policy has no virus exclusion and (2) the word "virus" appeared in the policy only with reference to computer viruses.

Despite Jarrell's response, Saint Camillus pursued the insurance claim, providing additional information in May 2020. On June 30, 2020, Continental denied coverage for the claim based upon the lack of "direct physical loss of or damage to" property and citing the policy's exclusions for loss caused by contaminants or pollutants, microbes, and consequential loss.

Saint Camillus brought this action in state court on July 21, 2020 and filed the petition on July 23, 2020 (Docs. 1-5, 1-8). In addition to claims against Continental,[2] Saint Camillus asserts claims for breach of the duty of good faith and fair dealing, gross negligence or malice, and violation of the Texas Prompt Payment Act against the brokers and additional claims of violation of the Texas Insurance Code, negligence, and negligent misrepresentation against MHBT and Jarrell.

On August 21, 2020, Continental removed this action based upon diversity of citizenship and the improper joinder of the brokers (Doc. 1). The brokers consented to the removal (Doc. 1-18). On August 28, 2020, the brokers filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and, on September 20, 2020, Saint Camillus filed its Motion to Remand (Doc. 9).[3] The Court granted a joint motion to extend Saint Camillus's deadline for responding to the motion to dismiss until after the motion to remand is resolved (Docs. 6 & 8).

## Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court where such action is pending. 28 U.S.C. §§ 1441(a). Federal district courts have original jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

---

[2] Against Continental, Saint Camillus asserts claims for breach of contract, breach of the duty of good faith and fair dealing, gross negligence or malice, and violation of the Texas Prompt Payment Act.

[3] The brokers have joined in the response (Doc. 12).

3

The doctrine of improper joinder "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). If a non-diverse defendant has been improperly joined, a district court "may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).

The party alleging improper joinder has a "heavy" burden of persuasion. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). "[T]he test for improper joinder 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant'" or, stated differently, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover." *Flagg*, 819 F.3d at 136; *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Fifth Circuit courts apply a "12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis of recovery. *Id.* The court resolves all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018). Although "detailed factual allegations" are not required, the federal pleading standard requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

4

omitted); *see Int'l Energy Ventures Mgm't L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (internal quotations omitted) ("To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim for relief that is plausible on its face."). "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## ANALYSIS

There is no dispute that the brokers' presence as defendants in this action destroys diversity jurisdiction. And, because there is no allegation of fraud in the pleadings, the Court must determine whether Saint Camillus has "no possibility of recovery" against the brokers. *See Flagg*, 819 F.3d at 136.

1. *Violations of the Texas Insurance Code*

In its Motion to Remand, Saint Camillus first asserts it pleaded a plausible claim for violations of sections 541.051 and 541.061 of the Texas Insurance Code against Jarrell and MHBT. In doing so, Saint Camillus relies on Jarrell's email response that the Continental policy excluded "coverage for a business interruption by a virus that causes infection or disease."

A plaintiff insured may assert a chapter 541 claim against an insurance broker or agent. *See* TEX. INS. CODE ANN. § 541.002(2). Sections 541.051 and 541.061 prohibit, among other things, misrepresenting the terms of a policy or misrepresenting a policy by making untrue statements of material facts, leaving out material facts, or making a statement in a

5

way that would lead a reasonably prudent person to a false conclusion about a material fact. TEX. INS. CODE ANN. §§ 541.051, 541.061.

To establish a claim under section 541.051 or 541.061, a plaintiff must show that a misrepresentation was a producing cause of damage to the plaintiff. *Id.* § 541.151; *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F. Supp.2d 801, 813–14 (N.D. Tex. 2010). *Provident Am. Ins. v. Castañeda,* 988 S.W.2d 189, 193 (Tex. 1998). "[T]he essential components of producing cause [are] that (1) the cause must be a substantial cause of the event in issue and (2) it must be a but-for cause, namely one without which the event would not have occurred." *Nunn*, 729 F. Supp.2d at 813–14 (quoting *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007)).

With respect to the chapter 541 claims, the petition alleges that, because of Jarrell's misrepresentation, Saint Camillus "was forced to retain the services of an attorney and law firm to represent it and has suffered damages as outlined herein." In its Motion to Remand, but not the petition, Saint Camillus asserts it "had to incur costs involved in seeking legal representation to investigate the situation as a result of Jarrell and MHBT making the blatant misrepresentations" (Doc. 9, p. 16). The petition, however, alleges no facts to show Saint Camillus conducted an investigation as a result of Jarrell's email.

"[A]n insured normally cannot bring a misrepresentation claim for any alleged representations made after a loss." *W. Texas Agriplex v. Mid-Continent Cas. Co.*, No. 5:03-CV-199-C, 2004 WL 1515122, at *13 (N.D. Tex. July 7, 2004). And, in this case, Saint Camillus specifically pleaded that, despite the alleged misrepresentation in Jarrell's email, it continued to pursue its claim for coverage under the Continental policy. Accordingly, Saint Camillus has alleged no facts to show that the misrepresentation resulted in reliance or was a

6

producing cause of harm to Saint Camillus.  *See, e.g., Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp.2d 547, 558–59 (S.D. Tex. 2012), *aff'd sub nom. Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014).

Further, the legal fees Saint Camillus incurred are not recoverable as actual damages under chapter 541.  Under Texas law, a party cannot recover its attorney's fees unless authorized by contract or statute.  *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *see also Structural Metals, Inc. v. S & C Elec. Co.*, 590 F. App'x 298, 304 (5th Cir. 2014).  Chapter 541 requires recovery of actual damages before an award of attorney's fees is permissible.  *See* TEX. INS. CODE ANN.  § 541.152(a)(1) (authorizing an award of "the amount of actual damages, plus court costs and reasonable and necessary attorney's fees.").  Saint Camillus's legal fees in pursuing its claim are not "actual damages" under the statute and do not independently support a claim under chapter 541 in the absence of actual damages.  *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019) (Texas law is clear that attorney's fees and costs incurred in the prosecution or defense of a claim, although "compensatory in that they help make a claimant whole," are not damages, and chapter 541 requires a claimant to prevail on the underlying claim and recover damages in order to recover attorney's fees); *Guidry v. Envtl. Procedures, Inc.*, 388 S.W.3d 845, 860 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (reversing award of attorney's fees under Texas Insurance Code where there was no evidence to support award of actual damages for broker's misrepresentation of policy).

Because Saint Camillus alleges, at most, that it retained the services of an attorney and law firm to represent it as a result of the Jarrell's representation, it cannot show that the

representation was a producing cause of recoverable actual damages. Accordingly, the Court finds Saint Camillus does not have a possibility of recovery against the brokers for violations of the Texas Insurance Code.

*2. Negligent Misrepresentation, Negligence*

Also relying on Jarrell's alleged misrepresentation, Saint Camillus next asserts it pleaded plausible claims for negligent misrepresentation and negligence against Jarrell and MHBT. The elements of a claim for negligent misrepresentation are: (1) a representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999); *see also Miller v. CitiMortgage, Inc.,* 970 F. Supp.2d 568, 585 (N.D. Tex. 2013). To maintain a negligence claim, a plaintiff must show "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)).

With respect to the negligent misrepresentation claim, the petition alleges Saint Camillus did not know Jarrell's representation was false, relied to its detriment on the representation, and suffered a financial loss due to its justifiable reliance on the representation. As discussed above, though, Saint Camillus alleges no facts to show it relied on the representation or, as a result, that the representation caused it any harm. To the

8

contrary, it alleges that it pursued its claim, and it continues to do so in this action, despite receiving Jarrell's email. Accordingly, the Court finds Saint Camillus does not have a possibility of recovery against the brokers for its negligent misrepresentation claims against them.

With respect to the negligence claim, the petition alleges that Jarrell and MBHT breached their "duty to accurately advise [Saint Camillus] as to the terms of the [policy]." Texas courts recognize that an insurance agent owes common law duties to a client for whom the agent "undertakes to procure insurance: (1) to use reasonable diligence in attempting to place the requested insurance; and (2) to inform the client promptly if unable to do so." *May v. United Servs. Ass'n*, 844 S.W.2d 666, 669 (Tex. 1992); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio [14th Dist.] 1998, no pet.) (recognizing negligence causes of action against insurance agent who fails to place insurance the agent's client requested); *see also West Hous. Airport, Inc. v. Millennium Ins. Agency, Inc.*, 349 S.W.3d 748, 754 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (finding insurance broker does not have duty to disclose coverage limitations under comprehensive general liability policy unless inclusion of limitation renders policy non-compliant with coverage requested by client). Here, Saint Camillus has not alleged any facts, or complained of any conduct, related to procuring the insurance. Because Saint Camillus has not alleged facts to show that Jarrell or MHBT breached any duty owed to it under Texas law (other than a duty not to misrepresent the terms of the policy, which the Court has addressed above), the Court finds there is no reasonable basis to predict that Saint Camillus might be able to recover on its negligence claim.

Even if there were a breach of a recognized duty that caused damages, Saint Camillus has not alleged damages that are recoverable. The petition alleges that, as a proximate result of Jarrell's and MHBH's negligence, Saint Camillus has suffered "physical loss of the insured property, and alternatively damage to the insured property and suspension of its business that is covered under the business income loss (and extra expense) provisions of the [p]olicy." But Saint Camillus cannot recover from the brokers amounts that it believes should have been paid under the Continental policy. *See Vandelay Hosp. Grp. LP d/b/a Hudson House v. The Cincinnati Ins. Co., et al.*, No. 3:20-CV-1348-D, 2020 WL 4784717, at *6 (N.D. Tex. Aug. 18, 2020) (plaintiff's claim against broker for "amount of coverage" was not valid claim for recoverable damages for negligent misrepresentation).

3. *Remaining Claims*

Saint Camillus's motion to remand does not specifically address its remaining claims against the brokers for breach of good faith and fair dealing, gross negligence, and violation of the Prompt Payment Act. The Court, however, finds that there is no reasonable basis to predict that Saint Camillus might be able to recover on these state law claims. *See Smallwood*, 385 F.3d at 573.

First, under Texas law, there is no basis for an insured's breach of good faith and fair dealing against an agent unless there is a contractual relationship between them, and Saint Camillus has alleged no such contract with the brokers. *See Natividad v. Alexsis*, 875 S.W.2d 695, 698 (Tex. 1994) (insurer, not agent, owes insured a duty of good faith and fair dealing because of "special relationship" created by contract between insurer and insured; "[t]his duty is non-delegable").

With respect to its gross negligence claim, Saint Camillus alleges "[d]efendants' breach of the duty of good faith was malicious and/or grossly negligent." As discussed above, the brokers do not owe a duty of good faith and fair dealing to Plaintiff. *See id*. Further, the petition alleges no facts to show, as required to support a gross negligence claim, that the conduct complained of involved "an extreme degree of risk" or the defendants had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] with conscious indifference to the rights, safety, or welfare of others." *See U-Haul Int'l, Inc. v. Waldrip,* 380 S.W.3d 118, 137 (Tex. 2012).

Finally, Saint Camillus's claims against the brokers for violation of the Texas Prompt Pay Act are not viable because the Act applies only to insurers. *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812 (Tex. 2019) (Texas Prompt Pay Act "imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims"); TEX. INS. CODE ANN. § 542.060.

## CONCLUSION

In sum, the Court finds that Saint Camillus does not have a possibility of recovery under any of the state law claims it has asserted against the brokers in its petition. Accordingly, Continental has met its heavy burden of establishing improper joinder. Because the Court need not consider the citizenship of the brokers, there is complete diversity of citizenship between Saint Camillus and Continental and this Court has subject matter jurisdiction over this action. Saint Camillus's motion to remand must be and is hereby **DENIED.**

SO **ORDERED**; signed December 17, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE