IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PSG-MID CITIES MEDICAL CENTER, LLC D/B/A SAINT CAMILLUS MEDICAL CENTER, § § § Plaintiff, § § v. § § RICK JARRELL, MHBT, INC., MARSH & § MCCLENNAN AGENCY, LLC, and § CONTINENTAL CASUALTY COMPANY, § § Defendants. § | | Civil Action No. 3:20-CV-02477-E |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Continental Casualty Company's Motion to Dismiss Plaintiff's First Amended Original Petition (Doc. 22). Having considered the motion, the parties' briefing, and applicable law, the Court finds the motion to dismiss should be granted.

### BACKGROUND

The following is taken from the First Amended Original Petition (petition) filed by plaintiff PSG-Mid Cities Medical Center, LLC d/b/a Saint Camillus Medical Center (Saint Camillus) (Doc. 1-8).

Saint Camillus is a private hospital in Hurst, Texas; all of the surgical procedures performed at Saint Camillus are elective. Saint Camillus obtained a commercial property insurance policy, issued by defendant Continental Casualty Company (Continental). Under the policy, Continental agreed to indemnify Saint Camillus for losses, including but not limited to, business interruption losses at its insured property.

1

Beginning in March 2020, in accordance with government orders instituted to limit the spread of the SARS-CoV-2 virus (COVID 19),[1] Saint Camillus was unable to schedule elective surgical procedures.  In April 14, 2020, Saint Camillus emailed its insurance broker to report an insurance claim for the pandemic-related business interruption and, in May 2020, provided information about its operations and copies of the relevant government orders to Continental.  On June 30, 2020, Continental sent a letter to Saint Camillus denying its claim.  According to the letter, Saint Camillus "ha[d] not reported any 'direct physical loss of or damage to' its Real or Business Personal Property."  It also stated that, because of this, the policy's civil authority coverage did not apply.  Finally, it indicated that even if there was coverage, exclusions, including one for loss caused by contaminants or pollutants, microbes, and consequential loss might bar coverage.

Saint Camillus brought this suit, asserting claims against Continental for breach of contract, breach of the common law duty of good faith and fair dealing, gross negligence and/or malice, and violations of the Texas Prompt Payment Act (Doc. 1-8).  Continental moves to dismiss the claims against it, contending Saint Camillus fails to allege facts sufficient to establish a claim under the policy or for any of its extracontractual claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  If a

---

[1] Specifically, Saint Camillus cites (1) a March 22, 2020 Executive Order signed by Governor Abbott that, among other things, directed "all licensed health care professionals and facilities to postpone all surgeries and procedures that [were] not immediately, medically necessary," and (2) a March 24, 2020 "Declaration of Local Disaster due to Public Health Emergency" signed by Tarrant County Judge B. Glen Whitley that prohibited "[a]ll elective medical, surgical, and dental procedures" in Tarrant County (Doc. 1-8, pp. 7-8).

plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

On a Rule 12(b)(6) motion to dismiss, a court may consider only the pleadings, including attachments to the complaint, attachments to the motion if they are referred to in the complaint and central to the plaintiff's claims, and "matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory statements" or "a legal conclusion couched as a factual assertion are not accepted as true." *Id.* A plaintiff must plead facts with enough specificity "to raise a right to relief above the speculative level" so as to "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. If the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint does not show the plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

ANALYSIS

Continental moves to dismiss Saint Camillus's breach of contract claim because Saint Camillus fails to allege, as required for coverage under the policy, physical loss of or damage to property at a location insured under the policy or in the immediate vicinity of such locations.  Under Texas law, which applies in this diversity action, the court must construe an insurance policy following the general rules of contract interpretation.  *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011).  Interpretation of the policy is a question of law for the Court.  *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel L.L.C.*, 620 F.3d 558, 562 (5th Cir. 2010).  The court must determine the parties' intent based on the policy as written.  *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 831 (Tex. 2009).

If a policy "is worded so that it can be given only one reasonable construction, it will be enforced as written."  *John M. O'Quinn, P.C. v. Lexington Ins. Co.*, 906 F.3d 363, 367 (5th Cir. 2018) (citation omitted).   If it is ambiguous, the court must adopt the construction that favors the insured.  *Id*.  The "insured bears the initial burden of showing that there is coverage, and the insurer bears the burden of proving the applicability of any exclusions in the policy."  *Id.* (citation omitted).

1. *Coverage Under the Policy*[2]

Saint Camillus alleges that, because of the government orders, its "business and revenue stream for the hospital basically stopped in [March 2020]" and Continental breached

---

[2] CNA Signature Policy No. 6022775191 (Doc. 22-1, p. 5).  The policy was renewed and effective for the relevant policy period, October 1, 2019, to October 1, 2020 (*Id*.).

4

the policy by denying coverage for the economic losses it sustained. The policy contains the following business interruption coverage provision:

### 1. BUSINESS INTERRUPTION (GROSS EARNINGS)

**a**. This policy covers against loss resulting from necessary interruption of business caused by direct physical loss of or damage to covered property, except ***Finished Stock***, by the peril(s) insured against and occurring during the term of this policy at covered ***Locations*** occupied by the Insured, subject to the sublimit specified in Section **I.4.** of this policy.

In the event of such physical loss or damage the Company shall be liable for the actual loss sustained by the Insured resulting directly from such interruption of business, but not exceeding the reduction in **Gross Earnings** as set forth below less charges and expenses which do not necessarily continue during the interruption of business, for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property herein described as has been damaged or destroyed, commencing with the date of such damage or destruction and not limited by the date of expiration of this policy, but in no event to exceed the number of months specified in Section **I.5. TIME LIMITS** if a Business Interruption Period of Indemnity limit is specified.

(Doc. 22-1, p. 21). The policy also provides extra expense coverage, which allows an insured to recover reasonable and necessary expenses incurred to continue operations after "direct physical loss of or damage to covered property" during the time to "rebuild, repair or replace" the damaged property (Id., pp. 25-26). Finally, the policy provides civil authority coverage as follows:

### 10. DENIAL OF ACCESS BY CIVIL AUTHORITY AND INGRESS-EGRESS

This policy is extended to cover for up to the time limit specified in Section **I.5.** but not exceeding the sublimit shown in Section **I.4.** of this policy, the actual loss sustained:

**a.** during the period of time while access to the Insured's ***Location*** is prohibited by order of civil authority, but only when such order is given as a direct result of physical loss or damage to property of the type insured

5

> from a peril insured against occurring at or in the immediate vicinity of said **_Location_**, ....

(*Id.*, p. 24).

The parties dispute the meaning of the phrase "physical loss of or damage to covered property." Continental asserts the plain, ordinary meaning of the word "physical" requires that the loss or damage at issue must be "tangible" or "material" (Doc. 22, p. 17). Saint Camillus disagrees, and argues that the loss of access to or habitability of a property, including loss of its essential functionality, constitutes a "physical loss of or damage to covered property" (Doc. 28, pp. 16, 22).

Although the policy does not define it, the Fifth Circuit has construed "physical loss of or damage to" to require "some physical manifestation of loss or damage." *Hartford Ins. Co. of Midwest v. Mississippi Valley Gas Co.*, 181 F. App'x 465, 469–70 (5th Cir. 2006) ("The requirement that the loss be 'physical' ... is widely held to ... preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property." (quoting 10A COUCH ON INS. § 148:46 (3d ed. 2005)). And, although the Fifth Circuit has yet to address whether economic loss as a result of the COVID-19 pandemic and related civil authority orders constitutes a physical loss of or damage to property under property insurance policies, district courts in this Circuit consistently have found that it does not. *See Diesel Barbershop, LLC v. State Farm Lloyds*, 479 F. Supp.3d 353, 359–60 (W.D. Tex. 2020) (while some courts in other circuits "have found physical loss even without tangible destruction to the covered property," in the Fifth Circuit "the loss needs to have been a 'distinct, demonstrable, physical alteration of the property'") (citation omitted); *Ilios Prod.*

6

*Design, LLC v. Cincinnati Ins. Co., Inc.*, No. 1:20-cv-857-LY, 2021 WL 1381148, at *10 (W.D. Tex. Apr. 12, 2021); *Selery Fulfillment, Inc. v. Colony Ins. Co.*, No. 4:20-CV-853, 2021 WL 963742, at *6–7 (E.D. Tex. Mar. 15, 2021); *Steiner Steakhouse, LLC v. Amco Ins. Co.*, No. 1:20-CV-858-LY, 2020 WL 8879041, at *3–4 (W.D. Tex. Dec. 30, 2020); *Sultan Hajer d/b/a Rug Outlet v. Ohio Sec. Ins. Co.*, --- F. Supp. 3d ----, 2020 WL 7211636, at *2 (E.D. Tex. Dec. 7, 2020).

This Court likewise finds that the policy term "physical loss of or damage to" is unambiguous and requires a "distinct, demonstrable, physical alteration" of an insured's property to trigger coverage under the policy's business interruption provision. *See Steiner Steakhouse*, 2020 WL 8879041, at *3. This finding is further supported by the fact that, under the provision, there is only coverage for "such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property herein described as has been damaged or destroyed, commencing with the date of such damage of destruction" (Doc. 22-1, p. 21). That the provision contemplates property damage requiring rebuilding, repair, or replacement indicates the damage must be tangible. *See, e.g., Aggie Investments, L.L.C. v. Continental Casualty Co.,* No. 4:21-CV-0013, 2021 WL 1550479, at *4 (E.D. Tex. Apr. 20, 2021); *Selery Fulfillment*, 2021 WL 963742, at *6–7.

Saint Camillus does not allege there was any "distinct, demonstrable, physical alteration" to its insured property – only that government orders stopped its business operations there for a time. Accordingly, Saint Camillus has not alleged a direct physical loss of or damage to its covered property that triggers coverage under the policy's business interruption provision. *See, e.g., Steiner Steakhouse*, 2020 WL 8879041, at *4.

Coverage under the policy's civil authority provision also is triggered only if there is physical loss or damage to property, either at or in the immediate vicinity of the insured's property (Doc. 22-1, p. 24). As discussed above, Saint Camillus has not alleged physical loss or damage at its insured property. Nor does it allege physical loss or damage in the immediate vicinity of that property. Further, Saint Camillus complains the government orders prohibited it from performing business operations (Doc. 1-8, p. 9), but the civil authority provision "requires the physical damage to prompt the act of civil authority, not the other way around." *Hajer*, 2020 WL 7211636 at *4; *see also Steiner Steakhouse*, 2020 WL 8879041, at *5 (in order to trigger civil authority coverage, "the damage to property must precede the action of civil authority, which is 'taken in response to' the damage") (citation omitted). Accordingly, Saint Camillus fails to allege facts to show coverage was triggered under the policy's civil authority provision.

Because the Court finds there is no coverage under either the business interruption provision or the civil authority provision, Saint Camillus fails to state a breach of contract claim for which relief can be granted.

  2.   *Extra-Contractual Claims*

Continental also seeks dismissal of Saint Camillus's remaining claims, asserting the claims fail as a matter of law because Saint Camillus fails to state a plausible breach of contract claim. The Court agrees.

Generally, "there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered." *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 602 (Tex. 2015). Such a claim exists only if the insured demonstrates that the insurer's

8

Case 3:20-cv-02477-E   Document 32   Filed 05/11/21   Page 9 of 9   PageID 619

conduct was extreme and resulted in damages unrelated to policy claim. *Id.* In support of its bad faith claim, Saint Camillus alleges only "misrepresentations" regarding "what was and was not covered" under the policy. Because it alleges no injury independent of Continental's denial of coverage, and there is no coverage, the Court finds Saint Camillus's bad faith, gross negligence, and malice claims must be dismissed. And, because "[t]here can be no liability under [the Prompt Payment Act] if the insurance claim is not covered by the policy," *see Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); Tex. Ins. Code Ann. § 542.060, the Court finds Saint Camillus's statutory claim also must be dismissed.

## Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. (Doc. No 22).

Saint Camillus requests that it be granted leave to amend its petition. However, the Court, having found the policy as written precludes Saint Camillus from alleging its losses fall within the policy's coverage, also finds that any attempt to amend would be futile. *See, e.g., Terry Black's Barbecue, LLC v. State Auto. Mutual Ins. Co.*, --- F. Supp.3d ---, 2021 WL 7351246, at *10 (W.D. Tex. Jan. 21, 2021). Accordingly, the motion for leave to amend is **DENIED**.

Saint Camillus's claims against Continental in this action are hereby **DISMISSED with prejudice.**

So **ORDERED**; signed May 11, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

9